## Dudley v. Commonwealth.

(Decided October 23, 1931.)

H. A. SCHOBERTH for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

In October, 1930, a party of colored boys and girls, including the appellant, Dudley, drove from Lexington to Midway in Dudley's automobile, a Buick, to attend a dance or church supper in the latter town. In Midway they met up with Clarence Bush, who was also attending the function. Bush and Dudley decided to go to a nearby community, Zions Hill, for some liquor; so they and the crowd which had driven over from Lexington with Dudley drove over to Zions Hill, which is about three miles away from Midway, after liquor. They were unsuccessful in their quest. On their way back something went wrong with the Buick car and it refused to run any further. Appellant and Bush worked on it for some time in the effort to make it run, but were unsuccessful. At this juncture the crowd which was riding with Bush and

Dudley became peeved at the breakdown of the car and they got out and walked on into Midway, leaving Bush and Dudley alone with the Buick. Up to this point there is no dispute in the evidence. As to what happened thereafter, Bush testified for the commonwealth that he told Dudley that he knew where they could get another car to tow the Buick into Lexington and that he and Dudley walked through Midway to the farm of Mr. Jim Parrish, where Bush was or had been working. When they reached the farm of Parrish, they went to the garage, took out a Ford, pushed it down to the gate so that no one in the house or on the premises would know that they were getting it, and after reaching the highway started it up and went back to where the Buick was. There they fastened the Buick to the Ford, with a piece of barbed wire, and Dudley got in the Ford and started it up with Bush in the Buick steering. With several stops to repair the barbed wire, which broke from time to time, the couple managed to get the Buick over to Shady Lane. There the barbed wire broke once more, and, being convinced of their inability to tow the car back to Lexington in that fashion, they left it alongside the road and drove into Lexington in the Ford; Dudley driving and Bush being a passenger. He testified that when they reached Lexington, Dudley sent him into a restaurant to get some sandwiches, and when he came out Dudley had gone. According to Dudley, when he and Bush found that they were unable to get the Buick into running order, Bush said that he knew where he could get a car to tow them back to Lexington, and that he thought that Bush knew where he could rightfully get a car for that purpose. Dudley further testified that he stayed at the Buick and that Bush went along after the car and returned with the Ford, that he never drove the Ford, and that Bush did the driving and he did the steering of the Buick while they were endeavoring to get the Buick back to Lexington, and that after they abandoned the Buick by the roadside, Bush drove him to his home in Lexington in the Ford, and that was the last he knew about the matter until he was arrested for the larceny of the Ford. Both Bush and Dudley were indicted for the larceny of this car. Bush pleaded guilty and was sentenced to serve a term in the penitentiary. Dudley pleaded not guilty, and on his trial the commonwealth, having proved the above facts by Bush, endeavored to corroborate the testimony of Bush, undoubtedly

662

an accomplice, by other evidence; but the only other witness the commonwealth was able to introduce about the theft of this car was Augustus Young, who testified that after the crowd, of which he was one and which had ridden over to Zions Hill with Bush and Dudley, had gotten back into Midway after having left Bush and Dudley with the Buick near Zions Hill, they seated themselves on the church step, and that some time later he saw Clarence Bush come walking through Midway in company with a man whom he took to be Dudley. The cross-examination of this witness clearly establishes that he did not know whether it was Dudley or not, but that he simply assumed it was Dudley because he had left Bush out on the road at the Buick with Dudley. However, even conceding that Augustus Young did identify Dudley as being with Bush in Midway, this is no corroboration at all of Bush's story of them going up to Parrish's home a half a mile away and stealing the Ford. There is no question but that Bush was an accomplice of Dudley even according to the commonwealth's theory. Section 241 of the Criminal Code of Practice provides:

"A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

There being no corroboration in this case of the accomplice Bush, under the plain provisions of the Code the court should have sustained Dudley's motion for a peremptory instruction to find him not guilty.

Therefore, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.